UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOPHIA ALFORD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-3384 (UNA) |
| ) | |
| OFFICE OF THE ATTORNEY GENERAL ) | |
| OF THE DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The Court will grant the application and, for the reasons stated below, will dismiss the complaint without prejudice.

The complaint pertains to the actions of the Associate Judge of the Superior Court who, among other alleged errors, exercised jurisdiction over a matter which should have proceeded in the courts of Fairfax County, Virginia, awarded temporary custody of plaintiff's minor child to the child's father, and generally exhibited bias in favor of the child's father. Plaintiff demands damages for herself and her minor child totaling $50 million.

The Court must dismiss this complaint for two reasons. First, there are no factual allegations to support a claim against the Attorney General of the District of Columbia and the Superior Court, and the remaining defendant enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Thomas v. Wilkins*, 61 F.

Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).

Second, insofar as plaintiff challenges the judge's rulings, this federal district court "lack[s] jurisdiction to review judicial decisions by . . . District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citations omitted); *see Dorsey v. Superior Court for the District of Columbia*, 709 F. App'x 22 (D.C. Cir. 2017) (per curiam). And where subject matter jurisdiction is lacking, the Court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3). An Order is issued separately.

DATE: February 24, 2023

/s/
RUDOLPH CONTRERAS
United States District Judge